IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRACY S.,[1]                                        No.  3:22-cv-690-HZ

               Plaintiff,                    OPINION & ORDER

      v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

               Defendant.


Kevin S. Kerr
Kerr Robichaux & Carroll Law Office
P.O. Box 14490
Portland, Oregon 97293

       Attorney for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

Gabriel Bono
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

      Attorneys for Defendant


HERNÁNDEZ, District Judge:

      Plaintiff Tracy S. brings this action seeking judicial review of the Commissioner's final decision to deny supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

      Plaintiff applied SSI on September 6, 2019. Tr. 13.[2] Her application was denied initially and on reconsideration. Tr. 29, 1. On May 25, 2021, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 35-61. On June 2, 2021, the ALJ found Plaintiff not disabled. Tr. 29.  The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

      Plaintiff alleges disability based on "bipolar, PTSD [post-traumatic stress disorder], knock knee, patellat [*sic*] tracking disorder, asthma, acid reflux, nausea." Tr. 13, 250. At the time benefits would have become payable, September 6, 2019, she was 18 years old. Tr. 62. She completed high school in 2017, has taken some college courses, and has no past relevant work experience. Tr. 27, 251.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 10.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. § 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other

work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. § 416.920(e)–(f). If the Commissioner meets their

burden and proves that the claimant can perform other work that exists in the national economy,

then the claimant is not disabled. 20 C.F.R. § 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful

activity since September 6, 2019, the application date. Tr.15. Next, at steps two and three, the

ALJ determined that Plaintiff has the following severe impairments: "[r]ight shoulder injury, left

wrist fracture, obesity, tracking issues in both knees, bipolar disorder, and post-traumatic stress

disorder." Tr. 16. However, the ALJ determined that Plaintiff's impairments did not meet or

medically equal the severity of a listed impairment. Tr. 16. At step four, the ALJ concluded that

Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §

416.967(b) with the following limitations:

> no climbing of ladders, ropes, or scaffolds; no crawling or crouching; occasional
> stooping and kneeling; should avoid concentrated exposure to hazards; occasional
> overhead reaching with the right arm and frequent reaching in all other directions
> with the right arm; frequent fingering and handling; occasional operation of foot
> controls; occasional forceful pushing and pulling with the left arm; and she can
> perform simple tasks and understand and remember simple detailed directions.

Tr. 20. The ALJ found that Plaintiff has no past relevant work. Tr. 27. At step five, the ALJ

found that there are jobs that exist in significant numbers in the national economy that Plaintiff

can perform, such as "Office Helper, Mailroom Clerk, and House Sitter." Tr. 28. Thus, the ALJ

concluded that Plaintiff is not disabled. Tr. 29.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the

Commissioner's findings "are based on legal error or are not supported by substantial evidence

in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal

quotation marks omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal citation omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

## DISCUSSION

Plaintiff argues the ALJ erred by improperly rejecting part of the medical opinion from the independent medical expert, Dr. Robert Thompson. This Court disagrees, and affirms the ALJ's opinion.

## I.    Medical Opinion Evidence

Plaintiff argues the ALJ erred in finding the medical opinion of Dr. Robert Thompson, MD, a board certified orthopedic surgeon partially unpersuasive. Dr. Thompson testified at Plaintiff's hearing as an independent medical expert. Tr. 35. He reviewed the Plaintiff's medical records, and formed medical opinions about the limitations associated with Plaintiff's left wrist injury, shoulder pain, knee pain, and obesity. Tr. 40-41. Dr. Thompson concluded that Plaintiff could lift and carry ten pounds frequently and up to twenty pounds occasionally; stand and walk for one hour at a time, sit for two hours at a time, and sit for five hours in an eight-hour day, and stand and walk for a total of six hours. Tr. 41. He opined that Plaintiff was limited to occasional

overhead reaching with the right upper extremity. Tr. 41-42. He opined that Plaintiff was limited to frequent reaching with the left hand. Tr. 42. But, he limited handling to occasional, fingering and feeling to frequent, and pushing and pulling to occasional with the left hand. Tr. 42. He opined that she could occasionally use stairs and ramps, never use ladders or scaffolds, occasionally stoop and kneel, and should not crouch or crawl. *Id.* In addition, Dr. Thompson prohibited activities with unprotected heights, exposure to major mechanical parts, and heavy industrial vibrations. *Id.* Finally, he reduced Plaintiff speed of walking over rough, uneven spaces. *Id.*

New regulations about weighing medical opinion evidence apply to claims filed on or after March 27, 2017. Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c. Under the new regulations, ALJs are no longer required to give deference to any medical opinion, including treating source opinions. *Id.* Instead, the agency considers several factors. 20 C.F.R. § 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and "other factors." 20 C.F.R. § 416.920c(c)(1)-(5). The "most important" factors in the evaluation process are supportability and consistency. 20 C.F.R. § 416.920c(b)(2).

Under this framework, the ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" from each doctor or other source. 20 C.F.R. § 416.920c(b)(2). In doing so, the ALJ is required to explain how supportability and consistency were considered and may explain how the other factors were considered. 20 C.F.R § 416.920c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how the other factors were considered. 20 C.F.R. § 416.920c(b)(3). "Even

under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The ALJ found Dr. Thompson's opinion mostly persuasive because he had access to the complete medical file at the time of his review, and his conclusions were mostly consistent with other persuasive medical opinions in the record and the evidence in the file. Tr. 25. For example, the ALJ accepted Dr. Thompson's sitting, standing, walking,[3] and lifting and carrying limitations by limiting the Plaintiff to light work. Tr. 20; 20 C.F.R. § 416.967(b). The ALJ found Dr. Thompson's reaching restrictions related to the claimant's left upper extremity unpersuasive, however. Tr. 23.

Plaintiff challenges this persuasiveness finding, and also argues that the ALJ failed to incorporate several aspects of Dr. Thompson's opinion into the RFC. In addition to leaving out the left-arm handling limitation, Plaintiff argues the ALJ should have included Dr. Thompson's limit of occasional ramp and stair use or limit of slow ambulation on rough and uneven ground in the RFC. Pl. Br., ECF 14 at 9. Plaintiff argues that where an ALJ professes to accept a doctor's opinion but without explanation fails to include the limitations contained in that opinion, the ALJ has effectively rejected the opinion. *Kimble v. Berryhill*, No. 3:15-cv-01641-JE, 2017 WL 3332256, at *4 (D. Or. Aug. 4, 2017) (citing *Bobbitt v. Colvin*, No. 3:13-cv-01320-HZ, 2014 WL 2993738, at *9 (D. Or. Jul. 1, 2014)). Plaintiff believes rejecting these portions of Dr.

---

[3] Although Plaintiff contested the ALJ's acceptance of these limitations in her opening brief, she concedes in her Reply that any error as to these limitations would be "harmless in light of SSR 83-10, which considers six hours of standing and walking consistent with light work." Pl. Reply, ECF 17 at 2.

Thompson's opinion, and adopting his unpersuasiveness finding concerning Plaintiff's left arm was clear error.

To begin with, the ALJ adequately considered the supportability and consistency of Dr. Thompson's opinions when finding his opinion regarding Plaintiff's left-arm reaching restrictions unpersuasive. The supportability factor looks to the relevant objective medical evidence—that is, clinical signs and diagnostic findings—and the supporting explanations a medical source provides for their opinions. 20 C.F.R. § 416.920c(c)(1). Persuasiveness is also in relation to an opinion's consistency with evidence from other sources. 20 C.F.R. § 416.920c(c)(2); *Woods*, 32 F.4th at 792. Ultimately, "[a]n ALJ is not required to take medical opinions at face value, but may take into account the quality of the explanation" when evaluating a medical opinion. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). Addressing Dr. Thompson's left arm reaching restrictions, the ALJ found medical evidence in the record did not support handling limits. Tr. 25 (citing Tr. 709-10, 712). Instead, the ALJ noted that the records showed Plaintiff's left upper arm had full range of motion without "apparent discomfort," and that Plaintiff's left arm passed several strength and flexibility tests. Tr. 710, 712. Furthermore, no other persuasive opinion in the record suggests Plaintiff's left arm should have the reaching restrictions Dr. Thompson provided.[4] And Plaintiff has not pointed to other compelling evidence in the record that would support Dr. Thompson's opinion. The ALJ therefore reasonably considered both the supportability and consistency of Dr. Thompson's opinion when finding the left-arm reaching restrictions unpersuasive.

---

[4] Plaintiff does not contest any of the ALJ's other persuasiveness findings. *See generally*, Pl. Br., ECF 14; Tr. 23-27.

The ALJ also reasonably considered Dr. Thopmson's limitations for ramps, stairs, and uneven ground and incorporated them when formulating the RFC. The RFC "must '[c]ontain a thorough discussion and analysis of the objective medical and other evidence…" *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing SSR 96–8p, 61 Fed. Reg. at 34478). An "RFC that fails to take into account a claimant's limitations is defective." *Valentine*, 574 F.3d at 690. Here, the ALJ considered Dr. Thompson's limitations relating to her lower extremities before limiting Plaintiff to no climbing of ladders, ropes or scaffolds, crawling or crouching, and only occasional stooping and kneeling, operation of foot controls, and hazards. Tr. 20, 23. As Defendant points out, under SSR 85-15, "[u]sual everyday activities, both at home and at work, include ascending or descending ramps or a few stairs and maintaining body equilibrium while doing so" and considers that "some limitation in climbing and balancing…would not ordinarily have a significant impact on the broad world of work". *See* SSR 85-15, 45 Fed. Reg. 55566. The fact that the ALJ did not mention the Dr. Thompson's "occasional stairs and ramps" opinion from the record in the RFC is therefore not error because such a limitation does not necessarily prevent a claimant from performing "light work."[5] *See* 20 CFR 416.967(b). The ALJ therefore reasonably incorporated Dr. Thompson's opinions concerning Plaintiff's ability to navigate

---

[5] Plaintiff further quibbles with Defendant's attempt to equate the phrase "some limitation in climbing and balancing" in SSR 85-15, with the "occasional" limitation Dr. Thompson placed on Plaintiff's use of stairs and ramps. Pl. Reply, ECF No. 17 at 2. But this Court finds the capacious "some limitation" includes individuals who should only do an activity "occasionally," and finds no error here.

Plaintiff also suggests that SSR 85-15 should not apply at all where problems "climbing and balancing" are not a claimant's only limitations. Pl. Reply at 2. Plaintiff does not, however, identify any other relevant limitations that would limit her climbing or balancing. *See id.* This Court therefore finds no error here either.

ramps and stairs into the RFC, and failure to mention those activities by name in the RFC was not error.

The ALJ also sufficiently conveyed the limitations reflected in Dr. Thompson's medical opinion to the Vocational Expert ("VE"). When asking hypothetical questions to a VE in the hearing an ALJ must "set out *all* the limitations and restrictions of the particular claimant." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (emphasis in original). An ALJ may do so by using terms of art, such as the disability law terms "light" or "medium work." *See  Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (finding an ALJ's questions referencing a hypothetical individual that could do "medium work" included the standing and walking restrictions embedded in that term of art). Here, as in *Terry*, the ALJ posed questions to the VE about a hypothetical individual who could perform "light work" with further relevant restrictions. Tr. 55-56. The ALJ could reasonably rely on the VE's knowledge that "light work" includes restrictions on sitting, standing, walking, stair, ramp and uneven ground speed limit concerns Plaintiff identifies. It was therefore not error for the ALJ to pose questions to the VE based on Plaintiff's ability to do "light work," since the VE had significant experience in the vocational rehabilitation field and as an expert witness. Tr. 54-61; *see also Terry*, 998 F.3d at 1013. Any failure to mention limitations with more specificity was therefore not error.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED:_____June 16, 2023_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge